UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| TRACY LAMONT DAVIS, | : | Case No. 3:11-cv-90 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | Magistrate Judge Sharon L. Ovington |
| vs. | : | |
| | : | |
| RYAN MACCONNELL, *et al.,* | : | |
| | : | |
| Defendants. | : | |

### DECISION AND ENTRY: (1) ADOPTING THE REPORT AND RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE (DOC. 17); (2) OVERRULING PLAINTIFF'S OBJECTIONS (DOC. 18); AND (3) DISMISSING THIS CASE <u>WITHOUT PREJUDICE</u>

This case is before the Court on the Report and Recommendations of United States

Magistrate Judge Sharon L. Ovington, who recommends that Plaintiff's Complaint

(Doc. 3) be dismissed without prejudice for failure of service of process pursuant to Fed.

R. Civ. P. 4(m). (Doc. 17). Plaintiff filed Objections to the Report and Recommendation.

(Doc.14). The issues are now ripe for determination by the Court.

Fed. R. Civ. P. 4(m) "requires completion of service of process within 120 days

after filing of the complaint." *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521 (6th

Cir. 2006).[1] As set forth in the Rule, "dismissal of the action 'shall' follow unless the

'plaintiff shows good cause' for failure to meet the 120-day deadline." *Id.* The party

opposing dismissal bears the responsibility for showing good cause. *Id.*

---

[1] Specifically, Fed. R. Civ. P. 4(m) provides that: "[i]f a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, ***shall*** dismiss the action without prejudice as to that defendant[.]" (Emphasis added).

Plaintiff Tracy Lamont Davis filed the Complaint in this case *pro se* on March 22, 2011. (Doc. 3).[2] The Complaint appears to allege breach of contract and copyright. (*Id.*) After a review of the Complaint, the Magistrate Judge directed that the United States Marshal serve a copy of the Complaint and summons on Defendants as directed by Plaintiff. (Doc. 9).

A docket entry of May 12, 2011 reflects that certified mail service to a Ryan Macconnell, P.O. Box 751944, Washington Township, Ohio 45475 was returned "unclaimed" on May 3, 2011. (Doc. 10). Thereafter, Plaintiff was informed of the failure of service by a letter from the Clerk of Courts. (Doc. 11). That letter directed Plaintiff to return new summons forms with updated addresses for Defendants. (Doc. 11).

In response to the letter from the Clerk of Courts, Plaintiff sent a letter to the Clerk and the Magistrate Judge attaching correspondence from U.S. Mint Green, Ltd. (Doc. 12) The attached correspondence from U.S. Mint Green represented that such entity "[i]s a legal LLC" with an address of P.O. Box 751944 Washington Township, Ohio 45475. (*Id.*) Plaintiff submitted such correspondence in an effort "to prove . . . that the contact information [for Defendants]. . . is valid." (*Id.*) However, instead of requesting that the Marshals re-attempt service, Plaintiff requested that the Marshals "track down" Defendants in an effort to serve them. (Doc. 12).

---

[2] The Complaint also named Ingrid L. Mitchell and Jeffrey L. Smith as parties plaintiff. (Doc. 3). However, the Magistrate Judge Ordered that Mitchell and Smith be terminated as parties to this case because they failed to sign the Complaint as required by Fed. R. Civ. P. 11.

On August 15, 2011, the Magistrate Judge issued an Order to Show Cause directing Plaintiff to show cause as to why his Complaint should not be dismissed for failure of service pursuant to Fed. R. Civ. P. 4(m).  In that Order, the Magistrate Judge specifically informed Plaintiff that it is his duty to determine Defendants' whereabouts, not the duty of the United States Marshal or the Clerk of Courts.  (Doc. 15).  The Order to Show Cause specifically directed Plaintiff to show cause why the case should not be dismissed pursuant to Fed. R. Civ. P. 4(m).  (*Id.*)

Plaintiff responded to the Show Cause Order.  (Doc. 16).  However, Plaintiff's response simply sets forth arguments directed toward the merits of his claim and not toward a showing of good cause for failing to perfect service with the time frame required by Fed. R. Civ. P. 4(m).  (*Id.*)  Accordingly, absent Plaintiff's demonstration of good cause for failing to perfect timely service upon Defendants, the Magistrate Judge recommends that the Complaint be dismissed without prejudice.  (Doc. 17).  In his Objections to the Report and Recommendations, Plaintiff contends that he never provided the Court, Clerk or Marshal with a different address, nor requested that service be attempted again, because he assumed that the Marshals "would continue to attempt to serve the summons until the 120 day period expired."  (Doc. 18).

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court reviews the comprehensive findings of the Magistrate Judge and Plaintiffs' Objections *de novo*.

After a *de novo* review of all issues addressed by the Magistrate Judge, the issues presented in Plaintiffs' Objections, as well as the applicable law, the Court: (1) **ADOPTS** the Report and Recommendations of the Magistrate Judge (Doc. 17) in its entirety; (2) **OVERRULES** Plaintiffs' Objections (Doc. 18); and (3) **DISMISSES** Plaintiff's Complaint (Doc. 3) **WITHOUT PREJUDICE** to refiling.

**IT IS SO ORDERED**.

Date: __11|7|11_____

_____Timothy S. Black_____
Timothy S. Black
United States District Judge